*1082
ORDER GRANTING RELINQUISHMENT

KLEIN, J.
Appellant defendant filed a notice of appeal from a final judgment based on a jury-verdict even though his post-trial motions were pending. He has filed a motion requesting that we relinquish jurisdiction for the trial court to rule on his motions.
Appellee objects, citing Florida Rule of Appellate Procedure 9.020(h)(3), which provides that a party who files a notice of appeal is “deemed” to have abandoned his own pending post-trial motions. In re Forfeiture of $101, 591, 589 So.2d 283 (Fla.1991). Appellee, however, also had pending post-trial motions. Under rule 9.020(h)(1) the final judgment is hot deemed rendered until her post-trial motions have been disposed of by written order. These two provisions of our rule defining rendition mean that a party who files a notice of appeal is deemed to have abandoned his own pending post-trial motions, but the notice of appeal has no effect on pending post-trial motions filed by another party directed at the party filing the notice of appeal.
This notice of appeal is premature because a notice of appeal must be filed within thirty days of “rendition,” rule 9.110(b), and this judgment will not have been rendered until the trial court ruled on appellee’s pending post-trial motions. Rule 9.020(h)(1).
We conclude that where other parties have pending post-trial motions which preclude rendition of the judgment, a prematurely filed notice of appeal does not automatically constitute an abandonment of the appealing party’s post-trial motions. We note that rule 9.020(h)(3) states that where the notice of appeal is filed pending post-trial motions “shall be deemed abandoned,” rather than unconditional language to the effect that the motions are abandoned. See also In re Forfeiture of $104,591, 589 So.2d 283 (Fla.1991)(Florida Supreme Court allowed trial court to rule on post-trial motions which had been deemed abandoned by the filing of a notice of appeal).
We therefore relinquish jurisdiction in order for the trial court to rule on all post-trial motions.
GROSS and HAZOURI, JJ„ concur.